# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division


**DEVELOPERS SURETY AND INDEMNITY COMPANY,**
an Iowa corporation,

                                    **Plaintiff,**

    **v.**                                                    Civil Action No.: _____

**SEVEN HILLS CONSTRUCTION, LLC OF NC**
**a/k/a SEVEN HILLS CONSTRUCTION, LLC**
a Delaware limited liability company,

        **SERVE:**     **Thomas J. Hockycko**
                    **Registered Agent**
                    **313 Saint Andrews Circle**
                    **Lynchburg, VA  24503**
                    **(County of Bedford)**

**THOMAS J. HOCKYCKO**

        **SERVE:**     **313 Saint Andrews Circle**
                    **Lynchburg, VA  24503**
                    **(County of Bedford)**

   **and**

**REGINA A. HOCKYCKO**

        **SERVE:**     **313 Saint Andrews Circle**
                    **Lynchburg, VA  24503**
                    **(County of Bedford)**

                                    **Defendants.**

## COMPLAINT FOR INDEMNITY AND QUIA TIMET RELIEF

The plaintiff, Developers Surety and Indemnity Company, by counsel, in

accordance with Rule 3 of the *Federal Rules of Civil Procedure*, states the following as

its Complaint against defendants Seven Hills Construction, LLC of NC a/k/a Seven Hills

Construction, LLC, Thomas J. Hockycko and Regina A. Hockycko.

1.     Developers Surety and Indemnity Company ("Developers Surety") is a corporation duly organized and existing under the laws of the State of Iowa and maintains its principal place of business in the State of California.  Developers Surety is duly authorized to engage in the surety business in the Commonwealth of Virginia and serves as a subcontract bond surety for Seven Hills Construction, LLC.

2.     Upon information and belief, defendant Seven Hills Construction, LLC of NC is also known as and uses the fictitious name of Seven Hills Construction, LLC (collectively, "Seven Hill Construction") and was, at all times pertinent to this proceeding, a limited liability company organized and existing under the laws of the State of Delaware.  Seven Hills Construction maintains and conducts business from its place of business in Lynchburg, Virginia and is believed to also operate from 642 Crowell Lane, Lynchburg, VA  24502.  Upon information and belief, Seven Hills Construction's registration was automatically terminated by the Virginia State Corporation Commission on November 30, 2015 for failure to pay its annual fee.

3.     The individual defendant, Thomas J. Hockycko, is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Virginia who resides at 313 St. Andrews Circle, Lynchburg, Virginia 24503-3700 (County of Bedford).  At all times pertinent to this proceeding, Mr. Hockycko served as the sole managing member of Seven Hills Construction, and was and continues to serve as a personal indemnitor of Developers Surety.

4.     The individual defendant, Regina A. Hockycko, is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Virginia who

2

resides at 313 St. Andrews Circle, Lynchburg, Virginia 24503-3700 (County of Bedford). At all times pertinent to this proceeding, Ms. Hockycko served and continues to serve as a personal indemnitor of Developers Surety.

<strong>JURISDICTION AND VENUE</strong>

5.     This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that Developers Surety is a citizen of the State of Iowa, defendant Seven Hills Construction is a citizen of the State of Delaware and defendants Thomas J. and Regina A. Hockycko are citizens of the Commonwealth of Virginia. The amount in controversy exceeds $75,000, exclusive of costs and interest.

6.     Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 as Seven Hills Construction is doing business in, Thomas J. and Regina A. Hockycko reside in, and a substantial part of the events, acts and/or omissions giving rise to the claims raised by this Complaint occurred and continue to occur within this district and division.

<strong>STATEMENT OF FACTS</strong>

7.     In this Complaint, Developers Surety seeks to enforce its unconditional rights as surety under an indemnity agreement, and to compel the specific performance of the respective contractual obligations of Seven Hills Construction, Thomas J. Hockycko and Regina A. Hockycko to, among other things and upon demand, indemnify and save Developers Surety harmless by (a) immediately reimbursing it for any and all losses, (b) depositing with Developers Surety collateral security in an amount and kind satisfactory to Developers Surety in its sole discretion whenever it shall reasonably determine that such collateral is necessary to protect it from loss whether or not it has made any payment, and

3

(c) procuring the full and complete discharge of Developers Surety, all in relation to a number of subcontract payment and performance bonds it issued, as surety, in connection with the construction of four federal projects in Connecticut, Georgia, Kansas and North Carolina.

8.    On or about January 27, 2015, Seven Hills Construction, as principal and corporate indemnitor, and Thomas J. and Regina A. Hockycko, in their individual capacities as personal indemnitors (Seven Hills Construction, and Thomas J. and Regina A. Hockycko are sometimes collectively referred to as the "Indemnitors") entered into a written Indemnity Agreement, a true and accurate copy of which is attached as Exhibit 1 and is incorporated by reference as if specifically set forth in this Complaint.

9.    Under the terms and conditions of the Indemnity Agreement each of the Indemnitors, jointly and severally, promised and bound themselves to fully and continuously indemnify and save Developers Surety harmless from and against, among other things, any and all claims, demands, liabilities, costs, charges, suits, judgments and expenses of any kind or nature, which it might sustain or incur, or for which it may become liable including, but not limited to all attorneys' and consultants' fees, costs and expenses, by reason of, among other things, (a) having executed or procured the execution of any bonds on behalf of Seven Hills Construction, (b) the failure of any Indemnitor to perform or comply with the covenants and conditions of the Indemnity Agreement or (c) the need to enforce any of the covenants and conditions of the Indemnity Agreement.

10.    In reliance upon the terms and conditions of the Indemnity Agreement, and the promises of the Indemnitors to indemnify and save it harmless for any and all losses,

4

Developers Surety considered and approved the requests of Seven Hills Construction for the issuance of subcontract payment and performance bonds on a number of federal construction projects in Connecticut, Georgia, Kansas and North Carolina.  In each instance, and in accordance with the terms and conditions of the various subcontracts which it had been awarded by Carothers Construction, Inc. ("Carothers Construction") the general contractor on each of the projects, Seven Hills Construction furnished to Carothers Construction its subcontract payment and performance bonds for each of the respective projects.  The bonds were issued by Developers Surety, as surety, naming Seven Hills Construction as its principal and co-obligor, and Carothers Construction as its obligee. Each of the performance bonds was issued to secure Seven Hill Construction's performance of its obligations to Carothers Construction under the subcontract for which it was issued, and each of the payment bonds was issued for the protection of all persons who qualify as proper claimants who supplied labor, materials, equipment, goods or services of whatever nature directly to Seven Hills Construction or one its subcontractors in connection with the construction of the project for which it was issued.  The projects for which subcontract bonds were issued include the following:

A.  Bridgeport Army Reserve Center Project
Branford, CT

| | |
|---|---|
| Obligee: | Carothers Construction, Inc. |
| Bond Nos.: | 505470P |
| Bond Date: | February 3, 2015 |
| Amount: | $ 384,728 |

B.  Regional Simulation Facility Project
Fort Leavenworth, KS

| | |
|---|---|
| Obligee: | Carothers Construction, Inc. |
| Bond Nos.: | 505469P |
| Bond Date: | February 3, 2015 |
| Amount: | $ 521,459 |

5

C. Replace White Elementary School Project
Fort Benning, GA

      Obligee:      Carothers Construction, Inc.
      Bond Nos.:   505707P
      Bond Date:   August 6, 2015
      Amount:     $ 900,000

D. SOF Civil Affairs Battalion Annex Project
Fort Bragg, NC

      Obligee:      Carothers Construction, Inc.
      Bond Nos.:   505809P
      Bond Date:   October 8, 2015
      Amount:     $ 845,340

Copies of the subcontract payment and performance bonds for (a) the Bridgeport Army Reserve

Center Project, (b) the Regional Simulation Facility Project, (c) the Replace White Elementary

School Project and (d) the SOF Civil Affairs Battalion Annex Project are attached as Exhibits 2A,

2B, 2C and 2D, respectively.

     11.     In connection with the performance of its obligations to Carothers Construction

under the various subcontracts to which reference is made in ¶ 10 above, Seven Hills

Construction entered into various sub-subcontracts and/or purchase orders with numerous sub-

subcontractors, materialmen, laborers, service providers and/or rental equipment providers.

Notwithstanding its contractual obligations to its sub-subcontractors, materialmen, laborers,

service and/or rental equipment providers, Seven Hills Construction refused or failed to pay many

of them for the labor, materials, services and/or rental equipment they furnished in connection

with the work on the various projects. In addition, Seven Hills Construction has had performance

issues arise in connection with its work on each of the projects.

     12.     As of May 2, 2016, Developers Surety has received claims and/or notices

of claim under the payment bonds which it issued on behalf of Seven Hills Construction

in the collective amount of $ 453,634.70, a figure which is expected to increase. The

payment bond claims Developers Surety has received thus far include claims from the

6

following entities in connection with the following projects:

    A.  Bridgeport Army Reserve Center Project
        Branford, CT
        Bond Nos.: 505470P

| Claimant | Claim Amount |
|---|---|
| MA Caputo Associates, LLC | $ 28,000.00 |
| American Builders & Contractors Supply Co., Inc. | 229,320.80 |
| Subtotal | $ 257,320.80 |

    B.  Regional Simulation Facility Project
        Fort Leavenworth, KS
        Bond Nos.:   505469P

| Claimant | Claim Amount |
|---|---|
| Sunbelt Rentals, Inc. | $ 48,518.80 |
| Metal Sales Manufacturing Corp. | 134,674.60 |
| Sno Gem, Inc. | 13,120.50 |
| Subtotal | $ 196,313.40 |
| Total | $ 453,634.70 |

13.     In addition, based upon the books and records to which the Indemnitors gave Developers Surety access, it appears that, as of March 22, 2016, Seven Hills Construction had at least (a) $ 535,905.60 in outstanding accounts payable on projects for which Developers Surety issued subcontract payment bonds, only some of which appear to include amounts which are the subject of payment bond claims Developers Surety has received, and (b) $ 809,036.19 in accounts payable in relation to projects for which Developers Surety did not issue bonds. Collectively, based upon the books and records of Seven Hills Construction, as of March 22, 2016, it appears Seven Hills Construction has at least $1,344,941.79 in payment obligations outstanding. Developers Surety has built in a conservative contingency of 15% on the outstanding accounts payable on the four projects for which it issued subcontract payment bonds, which results in a projected

payment bond loss in the amount of at least $534,020.54 ($453,634.70 in payment bond claims received + 15% or $80,385.84), exclusive of any other outstanding accounts payable.

14. In addition to the payment bond claims and/or notices of claim, and the outstanding payables reflected by Seven Hills Construction's books and records (plus the 15% contingency referenced in ¶ 13 above), Developers Surety has, as of the date of the filing of this Complaint, received claims, notices to cure and/or demands to perform under the subcontract performance bonds from Carothers Construction relating to Seven Hills Construction's failure to perform and/or deficient performance on all four of the projects for which Developers Surety issued subcontract performance bonds. As of the filing of this Complaint, Developers Surety has received and/or has become aware of the following exposures under the various performance bonds:

    A. Bridgeport Army Reserve Center Project
       Branford, CT
       Bond Nos.: 505470P

By letter dated January 29, 2015, Carothers Construction advised Developers Surety of continuing problems with Seven Hills Construction's performance under the subcontract including, but not limited to, failure to install materials in accordance with contract specifications, failure to complete subcontract work, delay, failure to satisfy payment obligations, failure to pay prevailing wages under state and federal law, and possible submission of false certified payrolls, and called upon Developers Surety to perform under the terms of its performance bond and submit a plan to remedy all outstanding issues. A true and accurate copy of Carothers Construction's January 29 2015 letter is attached as Exhibit 3A and is incorporated by reference as if fully set forth in this

Complaint. Contemporaneously with the receipt of that notice and since that time, Developers Surety has been advised that:

- Carothers Construction issued a number of prior demands and/or cure notices to Seven Hills Construction which the latter had not adequately addressed.
- By letter dated May 4, 2016, a copy of which is attached as Exhibit 3B, Carothers Construction declared Seven Hills Construction to be in default under the subcontract, a declaration to which, upon information and belief, Seven Hills Construction did not respond or, if it did so, it did not do so in satisfactory manner
- Carothers Construction has asserted a delay claim in the amount of $ 662,115.14.
- The estimated cost to complete the work Seven Hills Construction agreed to perform is an additional $89,000 over and above the amount of remaining subcontract funds available.

 B. Regional Simulation Facility Project
   Fort Leavenworth, KS
   Bond Nos.: 05469P

Developers Surety has been advised that:

- Carothers Construction issued a cure notice by email on February 11, 2016 to Seven Hills Construction which the latter has not adequately addressed. A true and accurate copy of the cure notice is attached as Exhibit 4A.
- Carothers Construction has not released the majority of subcontract funds to Seven Hills Construction because of its right of offset to address, in part, the delay claim on the Bridgeport Army Reserve Center Project.
- Seven Hills Construction has not met any of the milestones under the subcontract
- By letter dated May 5, 2016, a copy of which is attached as Exhibit 4B, Carothers Construction declared Seven Hills Construction to be in default under the subcontract, a declaration to which, upon information and belief, Seven Hills Construction did not respond or, if it did so, it did not do so in satisfactory manner
- The estimated cost to complete the work Seven Hills Construction agreed to perform is an additional $214,130 over and above the amount of remaining subcontract funds available.

C. Replace White Elementary School Project
   Fort Benning, GA
   Bond Nos.: 505707P

By letter dated April 15, 2016, Carothers Construction declared Seven

Hills Construction in default of its subcontract as a result of its failure to comply

with the subcontract requirements and failure to provide the requisite plan for its

performance under the subcontract, and advised that Carothers Construction

would be calling upon Developers Surety to perform under the performance bond

to tender a replacement subcontractor. A true and accurate copy of the April 15,

2016 letter of default is attached as Exhibit 5. Since that time, Developers Surety

has been advised that:

- Seven Hills Construction has failed to provide the requisite submittals
  for approval of materials to be ordered and incorporated on the project.

- The cost to complete the work Seven Hills Construction agreed to
  perform has been calculated to be an additional $325,650 over and
  above the amount of remaining subcontract funds available.

D. SOF Civil Affairs Battalion Annex Project
   Fort Bragg, NC
   Bond Nos.: 505809P

By the same letter to which reference is made in ¶ 14(C) above, Carothers

Construction declared Seven Hills Construction in default of its subcontract as a

result of its failure to comply with the subcontract requirements and failure to

provide the requisite plan for its performance under the subcontract, and advised

that Carothers Construction would be calling upon Developers Surety to perform

under the performance bond to tender a replacement subcontractor. See Exhibit 5.

Since that time, Developers Surety has been advised that:

- Seven Hills Construction has failed to provide the requisite submittals
  for approval of materials to be ordered and incorporated on the project.

10

- The cost to complete the work Seven Hills Construction agreed to perform has been calculated to be an additional $423,700 over and above the amount of remaining subcontract funds available.

As a result, Developers Surety has (a) received claims, and incurred expenses on the various projects, and (b) incurred and continues to incur losses, including consultants' and attorneys' fees, costs, expenses, and interest.

15. In addition to the outstanding (a) payment bond claims and/or notices of claim, which currently total $ 453,634.70, (b) Seven Hills Construction's list of accounts payable on the projects for which Developers Surety issued bonds, of which at least $72,540.89 are not yet the subject of payment bond claims thus far received, (c) the 15% contingency of $80,385.84 referenced in ¶ 13, and (d) performance issues and probable exposure under the various performance bonds, which are currently expected to exceed $ 1,052,480, Developers Surety has also sustained and is continuing to incur losses in the form of consultants' fees, costs and expenses, and attorneys' fees, costs and expenses, which Developers Surety has conservatively estimated to be $97,000, all of which continue to increase. As of the filing of this Complaint, Developers Surety reasonably anticipates losses to collectively total at least $1,756,041.43.

16. Under the terms and conditions of the Indemnity Agreement, the Indemnitors, jointly and severally, are obligated to indemnify and hold Developers Surety harmless from and against any and all liabilities, losses, damages, charges, expenses, costs and attorneys' fees as the result of the issuance of the subcontract bonds on behalf of Seven Hills Construction.

17. As a result of the developments set forth above and based upon the information then available to it, and in accordance with the terms and conditions of the

11

Indemnity Agreement, Developers Surety on April 1, 2015 asserted its demand that the Indemnitors provide collateral in the amount of $1,000,000, all as a result of its issuance of the subcontract payment and performance bonds. A true and accurate copy of the copy of the April 1, 2016 letter asserting the collateral demand is attached as Exhibit 6 and is incorporated by reference as if fully set forth in this Complaint. The Indemnitors have failed and, in fact, on April 7, 2016 refused to provide the requested collateral and are, therefore, in breach of the Indemnity Agreement.

18.     Developers Surety has conducted an examination of Seven Hills Construction's financial books and records as it is entitled to do under the terms and conditions of the Indemnity Agreement. Based upon that review, and upon information and belief, Seven Hills Construction is financially incapable of completing the work required under the various subcontracts and is either insolvent or becoming insolvent.

19.     Under the terms and conditions of the Indemnity Agreement, the Indemnitors, jointly and severally, specifically agreed and promised, among other things, that:

> If [Developers Surety] deems it necessary or expedient to protect itself from potential liability or Loss, [Developers Surety] may demand a collateral reserve in a dollar amount which [Developers Surety] in its sole discretion determines is adequate. Immediately upon demand, and whether or not [Developers Surety] has made any payment or incurred an actual Loss to date, Indemnitors shall deposit collateral with [Developers Surety] in an amount equal to the collateral reserve demanded. . . . If Indemnitor neglects, refuses or otherwise fails to deposit the demanded collateral reserve [Developers Surety] may seek a mandatory injunction to specifically enforce Indemnitors' agreement to honor a collateral reserve demand.

INDEMNITY AGREEMENT (EXHIBIT 1), ¶ 3 at page 2.

20.     Developers Surety has called upon Seven Hills Construction, and Thomas J. and Regina A. Hockycko to specifically perform and fulfill their contractual

obligations to exonerate and indemnify it in accordance with the terms and conditions of the Indemnity Agreement.

21.     Notwithstanding Developer Surety's demands, and their contractual obligations to honor those demands under the terms and conditions of the Indemnity Agreement, Seven Hills Construction, and Thomas J. and Regina A. Hockycko have wholly failed and otherwise refused to provide the collateral required by Hudson Developers Surety's collateral demand, and to otherwise exonerate, indemnify and hold Developers Surety harmless by procuring the discharge of the various bonds.

22.     Under the terms and conditions of the Indemnity Agreement, Developers Surety is entitled (a) to be fully exonerated and indemnified by Seven Hills Construction, and Thomas J. and Regina A. Hockycko, jointly and severally, and (b) to enforce those obligations and immediately compel the specific performance of those obligations by Seven Hills Construction, and Thomas J. and Regina A. Hockycko, jointly and severally.

23.     As a result of its issuance of the various subcontract bonds to which reference is made above, and the failure and refusal of Seven Hills Construction, and Thomas J. and Regina A. Hockycko to fulfill their obligations under the Indemnity Agreement, Developers Surety has sustained and continues to incur significant damages for which the Indemnitors are jointly and severally liable.

## COUNT I
### SPECIFIC PERFORMANCE

24.     Developers Surety restates and incorporates the allegations as set forth in ¶¶ 1 through 23 above as if specifically set forth in this paragraph.

25.     Developers Surety, in reliance upon the execution of the Indemnity Agreement by Seven Hills Construction, Thomas J. Hockycko and Regina A. Hockycko,

13

issued its subcontract payment and performance bonds on the four construction projects naming Seven Hills Construction as its principal, has been presented with numerous claims under its various payment bonds, and faces significant exposure under both its payment and performance bonds, and has and will continue to incur losses and consultants' and attorneys' fees, costs and expenses by virtue of the issuance of the bonds.

26. Seven Hills Construction, and Thomas J. and Regina A. Hockycko agreed to exonerate, indemnify and save Developers Surety harmless, upon demand, by among other things, collateralizing their indemnity obligations, and discharging any liabilities under the bonds.

27. Notwithstanding Developers Surety's demands, Seven Hills Construction, and Thomas J. and Regina A. Hockycko have failed to discharge all of the liabilities under the various bonds, collateralize their indemnity obligations and/or otherwise perform their obligations under the Indemnity Agreement.

28. Seven Hills Construction's, and Thomas J. and Regina A. Hockycko's actions and failures to act constitute a default under the Indemnity Agreement and a breach of contract, which breaches are material in nature and are subjecting Developers Surety to significant exposure and other losses.

29. As a result of their failure to perform, for which there is no adequate remedy at law, Developers Surety is entitled to the entry of an order compelling the Indemnitors, and each of them, to immediately and specifically perform their obligations under the express terms and conditions of the Indemnity Agreement by (a) depositing sufficient funds to discharge any claim made against Developers Surety, and to satisfy all

outstanding consultants' and attorneys' fees, costs and expenses, and (b) completely discharging the liabilities for which Developers Surety is responsible under the bonds and/or providing collateral and/or an irrevocable letter of credit in the amount of at least $1,756,041.43 or as the evidence may establish.

WHEREFORE, Developers Surety requests the entry of an order compelling Seven Hills Construction, and Thomas J. and Regina A. Hockycko, jointly and severally, to immediately and specifically perform their obligations under the Indemnity Agreement.

## COUNT II
## QUIA TIMET AND INJUNCTIVE RELIEF

30.     Developers Surety restates and incorporates the allegations as set forth in ¶¶ 1 through 29 above as if specifically set forth in this paragraph.

31.     As of the filing of this Complaint, Developers Surety (a) has been presented with numerous payment bond claims on a number of the projects, (b) faces significant exposure under the various performance bonds, (c) has not received adequate assurances from the Indemnitors as to the actual status of all the bonded projects, and (d) has not received sufficient collateral in accordance with the terms and conditions of the Indemnity Agreement.

32.     Developers Surety justifiably fears it will sustain significant losses and irreparable harm as a result of its issuance of the subcontract bonds. Developers Surety anticipates that it may sustain losses of at least $1,756,041.43 in the form of payment bond claims, performance bond claims, consultants' and attorneys' fees, costs and expenses.

33.     In accordance with the terms and conditions of the Indemnity Agreement,

15

and the equitable doctrines of exoneration and *quia timet*, Developers Surety is entitled to have the Indemnitors, jointly and severally, place it immediately in funds sufficient to cover the losses it has sustained and the losses it anticipates by virtue of its issuance of the subcontract payment and performance bonds.

34.     Unless the assets of all of Seven Hills Construction, and Thomas J. and Regina A. Hockycko are marshaled, accounted for and preserved, and their indemnity obligations to Developers Surety are collateralized and Developers Surety is placed in funds or otherwise secured, Developers Surety's obligations under the subcontract bonds, and its right of indemnification under the Indemnity Agreement and the law will not be adequately secured.

35.     Developers Surety is entitled to be placed in funds in the amount of $1,756,041.43 or as the evidence may otherwise establish, and to be fully collateralized by the Indemnitors immediately and prior to making any further payments in discharge of its bond obligations.

36.     Developers Surety is without a plain, speedy or adequate remedy at law which will serve to immediately indemnify and save it harmless for its losses and probable liabilities, and will be irreparably and permanently injured unless this Court grants immediate injunctive and equitable relief.  Further, unless injunctive and *quia timet* relief are granted immediately, Developers Surety is fearful that the Indemnitors are likely to sell, transfer, dispose of, lien, secure or otherwise divert or encumber their assets from being used to discharge their obligations to exonerate and indemnify Developers Surety, all to Developers Surety's irreparable harm.

37.     Developers Surety has been forced to retain legal counsel and incur other

expenses and costs in pursuit of its rightful interests in this matter, and is entitled to be indemnified and saved harmless in accordance with the terms and conditions of the Indemnity Agreement and the law.

WHEREFORE, Developers Surety requests the entry of an order (1) awarding judgment in its favor, and (2) granting mandatory and prohibitory injunctive relief against Seven Hills Construction, and Thomas J. and Regina A. Hockycko, jointly and severally, and as their interests appear, as follows:

A.      Directing Seven Hills Construction, and Thomas J. and Regina A. Hockycko, and their executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf to:

1.      Immediately place Developers Surety in funds in at least the amount of $1,756,041.43 by money, property, liens or other security interests in property, as determined by Developers Surety, to collateralize and serve as ample security for its obligations under the payment bonds, and rights of indemnification and to be saved harmless under the Indemnity Agreement;

2.      Render to Developers Surety an immediate, full and complete accounting of any and all assets owned by them or in which they have had any interest since January 27, 2015, and the disposition of the same, to the extent they have not been previously disclosed;

3.      Allow Developers Surety and/or their representatives immediate, full and complete access to all financial records, books and accounts which are maintained by them or on their behalf, to the extent such access has not already been provided;

4.      Indemnify and save Developers Surety harmless for any and all liabilities, losses and expenses, including consultants' and attorneys' fees, which have been and/or may be incurred by Developers Surety as a result of Developers Surety having executed bonds for Seven Hills Construction;

B.      Permanently enjoining and restraining Seven Hills Construction, and Thomas J. and Regina A. Hockycko, and their officers, directors, employees,

executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf, from:

        1.      Selling, transferring or otherwise disposing of or encumbering their assets and property in any manner, form or shape whatsoever;

        2.      Allowing their assets and property to be liened or otherwise encumbered, unless and until Developers Surety shall be placed in funds or otherwise secured as required by the Indemnity Agreement;

        C.      Granting a lien upon all of the corporate and personal assets and property of Seven Hills Construction, and Thomas J. and Regina A. Hockycko, and their executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf, including all real and personal property, which they may own or in which they have an interest, either individually or jointly, for the purpose of securing Developers Surety against any and all losses that it may sustain or incur by virtue of having executed payment and performance bonds for Seven Hills Construction, and to remain in effect unless and until Developers Surety shall be placed in funds or otherwise secured as required by the Indemnity Agreement; and

        D.      Awarding such further relief as the Court deems just.

### COUNT III
### BREACH OF CONTRACT

38.    Developers Surety restates and incorporates the allegations as set forth in ¶¶ 1 through 37 above as if specifically set forth in this paragraph.

39.    Under the terms and conditions of the January 27, 2015 Indemnity Agreement, the Indemnitors, jointly and severally, are obligated to comply with all of the terms and conditions of the Indemnity Agreement, and to indemnify and save Developers

18

Surety harmless from and against any and all liabilities, losses, damages, costs, charges, expenses, and consultants' and attorneys' fees incurred as a result of the issuance of any bond on behalf of Seven Hills Construction.

40.     As a result of the receipt of pending claims, and Developers Surety's issuance of the various payment and performance bonds on behalf of Seven Hills Construction, Developers Surety (a) has received pending claims under its various payment bonds, (b) has incurred and anticipates losses under its various performance bonds, and (c) has incurred and expects to incur additional consultants' and attorneys' fees, costs, and expenses.

41.     The Indemnitors' failure and/or refusal to indemnify and save Developers Surety harmless under the terms and conditions of the Indemnity Agreement constitutes a default and material breaches of contract, the direct and natural result of which has caused Developers Surety to sustain significant damages.

WHEREFORE, Developers Surety seeks judgment against Seven Hills Construction, and Thomas J. and Regina A. Hockycko, jointly and severally, and as their interests appear, in the principal amount of $1,756,041.43 or those sums which the evidence may otherwise establish, plus all interest at the pre-judgment rate on each payment, costs, expenses, and consultants' and attorneys' fees, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the Indemnity Agreement.

### COUNT IV
### BREACH OF FIDUCIARY DUTY

42.     Developers Surety restates and incorporates the allegations as set forth in ¶¶ 1 through 41 above as if specifically set forth in this paragraph.

19

43.     Under the terms and conditions of the Indemnity Agreement, Seven Hills

Construction, and Thomas J. and Regina A. Hockycko agreed that:

> [A]ll funds due or which may become due under any contract or
> other obligation covered by a Bond, whether in the possession of
> [Seven Hills Construction] or another, are trust funds for the
> benefit of [Developers Surety] and for payment of all persons and
> entities to whom [Seven Hills Construction] incurs obligations in
> the performance of a bonded contract or other obligation.

INDEMNITY AGREEMENT (Ex. 1), ¶4 at p. 2.

44.     Under the terms and conditions of the Indemnity Agreement and its

corresponding trust fund provision, Seven Hills Construction, and Thomas J. and Regina

A. Hockycko owe a fiduciary duty to Developers Surety to preserve the integrity of the

subcontract funds for each subcontract, and to apply them solely for the payment of

Seven Hills Construction's payment obligations to its sub-subcontractors, materialmen,

laborers, service providers and/or rental equipment providers on each of the applicable

subcontracts, and for the performance of the obligations of Seven Hills Construction

and/or Developers Surety under the subcontracts and/or bonds.

45.     Additionally, Thomas J. Hockycko, as a member of Seven Hills

Construction, as well as the other Indemnitors, had a fiduciary duty to protect the

interests of Seven Hills Construction's creditors when it became known that Seven Hills

Construction was insolvent or becoming insolvent.

46.     If and to the extent the Indemnitors have failed to fulfill their fiduciary

duties and the various subcontract funds have been used for purposes other than their

intended purpose, or the funds are being or have been commingled, then Seven Hills

Construction, and Thomas J. and Regina A. Hockycko have breached their fiduciary

duties, which breaches are material in nature and have caused damage to Developers

20

Surety.

WHEREFORE, Developers Surety seeks judgment against Seven Hills Construction, LLC, and Thomas J. and Regina A. Hockycko, jointly and severally, in the principal amount of $1,756,041.43, or those sums which the evidence may otherwise establish, plus all interest at the pre-judgment rate on each payment, and its consultants' and its attorneys' fees, costs and expenses, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the Indemnity Agreement.

Respectfully submitted,

**DEVELOPERS SURETY AND INDEMNITY COMPANY**

By Counsel

Richard T. Pledger (VSB No. 28192)
Thomas J. Moran (VSB No71269)
SETLIFF & HOLLAND, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1284
e-mail: rpledger@setliffholland.com
        tmoran@setliffholland.com
*Local Counsel for Developers Surety and Indemnity Company*

    and

Bert J. Capone (Mass. BBO No. 072880)
BISHOP & REIDY, P.C.
2300 Crown Colony Drive
Suite 203
Quincy, MA 02169
Telephone: (617) 786-7575
Facsimile: (617) 689-8880
Email: bcapone@brlegalpc.com
*National Counsel for Developers Surety and Indemnity Company*

21